FILED
11-13-2018
CIRCUIT COURT
DANE COUNTY, WI
2018CV003022
Honorable Josann M. Reynolds
Branch 2

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY

FREEDOM FROM RELIGION FOUNDATION, INC.,
P.O. Box 750,
Madison, WI 53701,

and

ANNIE LAURIE GAYLOR,
P.O. Box 750,
Madison, WI 53701,

and

DAN BARKER,
P.O. Box 750,
Madison, WI 53701,

         Plaintiffs,          Case No.
                               Code No. 30701

vs.

BRAD SCHIMEL,
WISCONSIN ATTORNEY GENERAL,
17 West Main Street,
Madison, WI 53703,

         Defendant.

## SUMMONS

THE STATE OF WISCONSIN TO SAID DEFENDANT:

    You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Dane County Clerk of

Courts, Dane County Courthouse, 215 S. Hamilton St., Madison, WI 53703; and to Richard L. Bolton, Plaintiffs' attorney, whose address is One South Pinckney Street, Suite 410, P.O. Box 927, Madison, WI 53701-0927. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property

If you need help in this matter because of a disability, call (608) 266-4311 or TDD (800) 947-3529 and ask for the Court ADA Coordinator.

Dated this 13th day of November, 2018.

                                            BOARDMAN & CLARK LLP

                                            *Electronically Signed by Richard L. Bolton*
                                            Richard L. Bolton
                                            Wisconsin State Bar No. 1012552
                                            Email: rbolton@boardmanclark.com
                                            1 South Pinckney Street, Suite 410
                                            Madison, WI 53701-0927
                                            Phone: 608-257-9521
                                            Fax: 608-283-1709

                                            Andrew Seidel
                                            Wisconsin State Bar No. 1089025
                                            Email: aseidel@ffrf.org
                                            Ryan Jayne
                                            Wisconsin State Bar No. 1101529
                                            Email: ryan@ffrf.org
                                            FREEDOM FROM RELIGION
                                            FOUNDATION, INC.
                                            P. O. Box 750
                                            Madison, Wisconsin 53701
                                            Phone: 608-256-8900
                                            Fax: 608-204-0422
                                            Attorneys for Plaintiffs

FILED
11-13-2018
CIRCUIT COURT
DANE COUNTY, WI
2018CV003022
Honorable Josann M. Reynolds
Branch 2

STATE OF WISCONSIN   CIRCUIT COURT   DANE COUNTY

FREEDOM FROM RELIGION FOUNDATION, INC.,
P.O. Box 750,
Madison, WI 53701,

and

ANNIE LAURIE GAYLOR,
P.O. Box 750,
Madison, WI 53701,

and

DAN BARKER,
P.O. Box 750,
Madison, WI 53701,

        Plaintiffs,

vs.

BRAD SCHIMEL,
WISCONSIN ATTORNEY GENERAL,
17 West Main Street,
Madison, WI 53703,

        Defendant.

Case No.
Code No. 30701

## COMPLAINT

The Plaintiffs, by their attorneys, Boardman and Clark LLP, by Richard L. Bolton, as their complaint against the Defendant, allege as follows:

### INTRODUCTION

1. The Plaintiffs seek judgment holding that the faith-based employee Chaplaincy Program conceived, promulgated, and operated by the Wisconsin Department of Justice ("DOJ"),

under the Defendant's direction, violates the Establishment Clause of the First Amendment to the Constitution of the United States and Article I., Section 18 of the Wisconsin Constitution.

2. Plaintiffs also request the court to adjudge the Defendant to have violated the United States Constitution while acting under color of law, in his official capacity, in violation of 42 U.S.C. § 1983.

3. The Plaintiffs also seek a declaration that limiting the DOJ Chaplaincy Program to religious clergy, to the exclusion of atheists and non-believers, violates the United States and Wisconsin Constitutions.

4. Finally, Plaintiffs request the court to hold the DOJ's Chaplaincy Program to be unconstitutional and to enjoin continued implementation and promotion of the program by the DOJ under the direction of the Defendant.

## PARTIES

5. The individual Plaintiffs, Annie Laurie Gaylor and Dan Barker, are taxpayers of the State of Wisconsin who object to government-funded faith-based programs that have the effect of establishing religion in violation of both the United States Constitution and the Wisconsin Constitution.

6. The Plaintiff, Freedom From Religion Foundation, Inc. ("FFRF"), is a non-profit membership organization that advocates for the separation of state and church and educates on matters of non-theism.

7. FFRF has more than 32,000 members, residing in every state of the United States and the District of Columbia, including more than 1,400 members in the State of Wisconsin.

8. FFRF represents and advocates on behalf of its members throughout the United States.

Exhibit A p. 00004

9. FFRF's membership includes individuals who are State of Wisconsin taxpayers opposed to government-established and government-operated religious programming for government employees; FFRF also has members excluded from the DOJ's Chaplaincy Program because they are non-believers.

10. FFRF's principal office is located in Madison, Wisconsin.

11. The Plaintiff, Annie Laurie Gaylor, is a State of Wisconsin taxpayer, residing in Madison, Wisconsin, and she is a Lifetime Member and Co-President of FFRF.

12. Ms. Gaylor is a non-believer who is opposed to government-funded and government-operated religious programming for government employees in violation of the United States and Wisconsin Constitutions.

13. The Plaintiff, Dan Barker, also is a State of Wisconsin taxpayer, residing in Madison, Wisconsin, and he too is a Lifetime Member and Co-President of FFRF.

14. Mr. Barker is a non-believer who is opposed to government-funded and government operated religious programming for government employees in violation of the United States and Wisconsin Constitutions.

15. The Defendant, Brad Schimel, is the Attorney General of the State of Wisconsin and head of the Wisconsin DOJ.

16. The Defendant is sued in his official capacity.

17. The Defendant is a state actor and head of a state agency of Wisconsin.

18. The Defendant acted under color of law at all times pertinent to the claims made in this matter.

Exhibit A  p. 00005

## JURISDICTION AND VENUE

19. The Circuit Court for Dane County has jurisdiction of the subject matter of this action.

20. Venue is appropriate in the Circuit Court for Dane County pursuant to Wis. Stat. §§ 801.50(2)(a), 801.50(2)(c), and 801.50(3)(a).

## DOJ ADOPTS RELIGIOUS CHAPLAINCY PROGRAM

21. The Defendant directed paid state employees of the DOJ to establish a faith-based Chaplaincy Program ("Chaplaincy Program") for all employees of the DOJ, and all of their family members.

22. The Defendant formally announced the Chaplaincy Program for employees on or about October 18, 2018, while the Defendant was campaigning to be re-elected Attorney General.

23. The Defendant previously provided notice of the Chaplaincy Program to DOJ employees.

24. The Chaplaincy Program became effective on October 4, 2018.

25. The Chaplaincy Program has been described by the Defendant as a "critical component" of the DOJ, under the direction of a Program Coordinator who is a paid employee of the DOJ.

26. Six chaplains from across the State, including Sheboygan, La Crosse, and Milwaukee, have been initially appointed as part of the Chaplaincy Program.

27. The chaplains initially appointed to the Chaplaincy Program are all white males from Christian faiths.

28. Paid employees of the DOJ have worked on the Chaplaincy Program for at least a year prior to its effective date.

Exhibit A  p. 00006

29. The DOJ Chaplaincy Program does not include, and affirmatively excludes, secular mental health professionals, as well as other secular professionals, who could effectively counsel DOJ employees.

30. Chaplains appointed to be part of the DOJ Chaplaincy Program must be ordained or licensed clergy, in good standing of a faith group at the time of appointment, and they must maintain such standing for the duration of their active service.

31. Atheists and other non-believers are excluded facially and in practice from the Chaplaincy Program.

32. A paid DOJ employee is engaged as Chaplaincy Program Coordinator.

33. In addition to establishing a faith-based Chaplaincy Program for the DOJ, the Defendant encourages and promotes such programming to other Wisconsin state agencies.

34. The Defendant has requested other state agencies to contact paid DOJ staff for assistance in starting their own Chaplaincy Programs.

35. The faith-based chaplains appointed by the DOJ are not required to be professional mental health providers and they are not licensed or otherwise regulated by the Wisconsin Department of Safety and Professional Services, notwithstanding that other mental health professionals must be licensed and regulated in the state.

36. The DOJ Chaplaincy Program operates independent of the DOJ's Employee Assistance Program.

37. Chaplaincy services include religious counseling available to all DOJ employees and their family members, regardless of their position at the DOJ.

38. Most DOJ employees are engaged in civilian activities not involving traumatic or violent confrontations.

5

39. DOJ chaplains are issued an official DOJ identification card and building access card and they have the appearance of being agents, employees, or servants of the DOJ.

40. DOJ chaplains provide services to employees of the DOJ under the direction of the paid Chaplaincy Program Coordinator.

41. The DOJ Chaplaincy Program Coordinator appoints all DOJ chaplains.

42. The DOJ Chaplaincy Program Coordinator evaluates and selects candidates for appointment to be DOJ chaplains.

43. The Chaplaincy Program Coordinator ensures that DOJ chaplains receive appropriate DOJ identification and building access cards.

44. The Chaplaincy Program Coordinator approves and coordinates reimbursement of DOJ chaplains for reasonable expenses.

45. The Chaplaincy Program Coordinator oversees all chaplain services provided to DOJ employees and their families.

46. The DOJ Chaplaincy Program Coordinator is not required to have any mental health qualifications or professional licensure.

47. DOJ chaplains appointed to be part of the DOJ's Chaplaincy Program also are not required to have professional mental health qualifications or licensure.

48. The duties and responsibilities of DOJ chaplains include providing consultation and spiritual guidance to employees.

49. The DOJ chaplains also address staff at DOJ in-service programs, new employee classes/orientation, work unit meetings, peer support team meetings, and other groups to provide outreach and education on the services offered by the DOJ Chaplaincy Program.

50. The DOJ chaplains are reimbursed by the State for meals, mileage, and lodging expenses deemed appropriate by the paid Chaplaincy Program Coordinator.

51. DOJ chaplains are required to maintain a record of the number of contacts with DOJ employees and/or immediate family members so as to provide metrics on the utilization rate of the Chaplaincy Program and to effectively manage chaplain resources at DOJ offices throughout the state.

### DOJ CHAPLAINCY PROGRAM LIMITED TO RELIGIOUS CLERGY

52. The DOJ Chaplaincy Program creates a religious test as a condition for appointment.

53. Mental health professionals who are not ordained or licensed clergy, in good standing by a faith group at the time of appointment, are absolutely disqualified from participating in the DOJ Chaplaincy Program.

54. The DOJ Chaplaincy Program excludes persons who could provide secular counseling to DOJ employees, including atheists and other non-believers.

55. Mental health issues that may arise with respect to DOJ employees and their families are not the exclusive and unique concern or province of religious clergy.

56. Services of the DOJ Chaplaincy Program are provided exclusively by religious ministers.

57. The DOJ Chaplaincy Program creates a religious preference and sends a message that religion is considered more important than non-religion.

58. The DOJ Chaplaincy Program categorically excludes all non-religious therapists, counselors and other secular professionals, including one or more member of FFRF.

Exhibit A p. 00009

59. The DOJ Chaplaincy Program, premised on the conceit that only religious counseling be provided, belies the fact the number of religiously unaffiliated adults in America has grown by nearly 20 million persons in recent years, and the number continues to increase.

60. A survey by the Pew Research Center in 2015 found that nearly 23% of the U.S. population is religiously unaffiliated, with 19 million new adults since 2007 classifying their religious affiliation as atheist, agnostic, or nothing in particular.

61. The Pew survey also found that the percentage of adults who identify as Christian has dropped by approximately eight percentage points since an earlier survey in 2007.

62. The drop in the Christian share of the population has been driven by declines among mainline Protestants and Catholics.

63. Other reliable sources have found that 24% of Americans self-identify as non-religious, making this the fastest growing such demographic group in America.

64. Thirty-eight percent of young Americans also identify themselves as being non-religious, according to a study done by the Public Religion Research Institute, which study was published on September 6, 2017.

65. In Dane County, as of 2010, 263,990 residents did not affiliate with any religion, which was more than 54% of the total population of approximately 487,000 residents.

66. Non-religious DOJ employees and their non-religious family members are typically uninterested in receiving faith-based counseling from religious clergy.

67. The DOJ Chaplaincy Program gives non-religious DOJ employees and their family members no option other than receiving counseling from religious clergy.

68. The DOJ Chaplaincy Program is intended to and does advance religion, which is the qualifying feature of the DOJ program.

### DOJ CHAPLAINS ARE NOT NECESSARY FOR FREE EXERCISE RIGHTS

69. Employees of the DOJ are not inhibited by their employment from freely exercising any religious preference they may have for religious counseling services.

70. Private clergy are available to employees of the DOJ, as to other non-employees of the DOJ, without need for the DOJ to establish and operate a Chaplaincy Program.

71. No justification exists for the DOJ Chaplaincy Program as an accommodation of the free exercise of religion, such as for stationed soldiers, confined prisoners, or hospitalized patients.

72. Employees of the DOJ are not similarly situated to soldiers, prisoners, or patients, nor are they less able than other public or private employees to pursue their spiritual needs without a government-conceived and government-organized Chaplaincy Program.

### CHAPLAINCY PROGRAM QUESTIONED AT DNR

73. The Defendant, to achieve his objective of religious preference, has actively collaborated with religious ministers, including on information and belief Reverend Mark Clements, to establish and operate the DOJ Chaplaincy Program.

74. Reverend Clements is a testament-in-person to the constitutional infirmities of the DOJ's Chaplaincy Program.

75. Reverend Clements addressed Department of Natural Resources ("DNR") employees in early March of 2018, at which time he repeatedly referenced the Christian Bible and described the police officer's role in biblical terms.

76. Reverend Clements' presentation was considered by a DNR official to be inappropriate in a government employment context conducted under the auspices of agency authority.

77. Reverend Clements' performance left at least one DNR official questioning whether a Chaplaincy Program could possibly be government-administered in a constitutionally appropriate, unbiased, and non-religious manner.

78. DNR employees who had no religious beliefs, or beliefs different than Reverend Clements, who witnessed his presentation, were put in a very uncomfortable and untenable position because Reverend Clements actively promoted Christianity above other religions and religion over non-religion.

79. Reverend Clements allegedly even described tactics that could be used to abuse and/or manipulate the confidentiality of communications with government chaplains.

80. As a result of Reverend Clements' presentation, one or more DNR official concluded that an agency chaplaincy unnecessarily and inappropriately injects religion into the workplace, which may alienate, isolate, and coerce staff.

81. DNR official(s) also have expressed concern that an employee Chaplaincy Program may subject the agency to liability due to conflicting confidentiality rules.

82. DNR concerns include potential agency liability related to employee admissions made to a chaplain about issues that impact fitness for duty, such as coming to work intoxicated, suffering from mental delusions, or having anger management issues.

83. Concerns exist that a chaplain might refuse to disclose to the agency information that later results in tragedy.

84. An agency's failure to act upon relevant concerns also may create agency liability because agency chaplains are not required to have necessary mental health/substance abuse training in order to substitute for a licensed mental health provider.

Exhibit A  p. 00012

85.  Agency liability for troubled employees may also result where insufficient or unqualified resources were provided.

86.  By contrast, agency Human Resource Departments have employee assistance programs that are held to standards of clinical sufficiency, unlike the DOJ Chaplaincy Program.

### DOJ'S CHAPLAINCY PROGRAM IS UNCONSTITUTIONAL

87.  The DOJ Chaplaincy Program violates the Establishment Clause of the First Amendment to the United States Constitution.

88.  The Establishment Clause is applicable to Wisconsin by extension of the First Amendment to the states via incorporation of the Fourteenth Amendment.

89.  The DOJ Chaplaincy Program inappropriately applies a religious test as a qualification for appointment as a chaplain.

90.  The DOJ's Chaplaincy Program does not include neutrally appointed counselors or therapists chosen without respect to religious belief or clerical status.

91.  The provision and delivery of religious services to DOJ employees also substantively violates the Establishment Clauses of the United States and Wisconsin Constitutions.

92.  The DOJ employees most inclined to avail themselves of the DOJ's Chaplaincy Program are those who consider religious clergy to be a useful source of guidance.

93.  Those employees who are so disposed may obtain religious counseling from a public functionary with an office at DOJ locations.

94.  Non-religious DOJ employees are implicitly excluded from Chaplaincy Program services.

95.  Favoring the needs of religious DOJ employees offends the Establishment Clause by sending a message that non-religious persons are outsiders.

11

96.     Providing faith-based counseling to employees who are not inhibited by their employment from exercising their personal religious predilections also violates the United States and Wisconsin Constitutions by having the effect and giving the appearance of the endorsement and preference for religion over non-religion.

97.     Attempts to oversee and manage the DOJ Chaplaincy Program also create excessive entanglement of government with religion.

98.     Without any limits on chaplains, the DOJ Chaplaincy Program constitutes a direct establishment of religion, whereas efforts to control or moderate the religious counseling of employees necessarily result in excessive entanglement.

99.     The DOJ Chaplaincy Program violates not just the Establishment Clause, but also the Wisconsin Constitution, Article I., sec. 18, as well as the Wisconsin Fair Employment Act.

100.    By conceiving, promulgating, and implementing the DOJ Chaplaincy Program, the Defendant violated, and continues to violate, both the United States and Wisconsin Constitutions, while exceeding his statutory and constitutional authority, including his administrative rule-making authority as applied to the appointment of counselors, therapists, and other professionals.

## CONCLUSION

101.    The DOJ Chaplaincy Program violates the Establishment Clauses of the United States Constitution and the Wisconsin Constitution.

102.    The DOJ Chaplaincy Program is intended to prefer religious counseling by ministers over counseling by non-religious mental health counselors, therapists, and other secular professionals.

103.    The DOJ Chaplaincy Program also has the effect and appearance of promoting and endorsing religion.

Exhibit A  p. 00014

104. The DOJ Chaplaincy Program also necessarily results in excessive entanglement of government with religion.

105. The Defendant is ultimately responsible for the DOJ Chaplaincy Program.

106. The DOJ Chaplaincy Program was conceived, promulgated, and is operated under the control and authority of the Defendant.

107. The Defendant acted and continues to act under color of law, in violation of 42 U.S.C. § 1983.

108. The DOJ Chaplaincy Program is funded by state tax revenue, to the detriment of the Plaintiffs Gaylor and Barker.

109. The DOJ Chaplaincy Program also operates to the detriment of FFRF members who are excluded from potential appointment by their non-belief in religion.

WHEREFORE, the Plaintiffs request judgment as follows:

A.  Declaring that the DOJ employee Chaplaincy Program violates the Establishment Clause of the First Amendment to the United States Constitution and Article I., sec. 18 of the Wisconsin Constitution;

B.  Enjoining DOJ, under the direction of the Defendant Schimel, from providing chaplaincy services to employees of DOJ pursuant to the DOJ Chaplaincy Program at issue;

C.  Holding the Defendant Schimel responsible for violating the Establishment Clause of the First Amendment to the United States Constitution, while acting under color of law, in violation of 42 U.S.C. § 1983;

D.  Awarding the Plaintiffs their reasonable costs, disbursements, and attorneys' fees, as allowed by law, including pursuant to 42 U.S.C. § 1988; and

E.  Awarding such further relief as the court deems just and equitable.

Exhibit A p. 00015

Dated this 13th day of November, 2018.

                    BOARDMAN & CLARK LLP

                    *Electronically Signed by Richard L. Bolton*
                    Richard L. Bolton
                    Wisconsin State Bar No. 1012552
                    Email: rbolton@boardmanclark.com
                    1 South Pinckney Street, Suite 410
                    Madison, WI 53701-0927
                    Phone: 608-257-9521
                    Fax: 608-283-1709

                    Andrew Seidel
                    Wisconsin State Bar No. 1089025
                    Email: aseidel@ffrf.org
                    Ryan Jayne
                    Wisconsin State Bar No. 1101529
                    Email: ryan@ffrf.org
                    FREEDOM FROM RELIGION
                    FOUNDATION, INC.
                    P. O. Box 750
                    Madison, Wisconsin 53701
                    Phone: 608-256-8900
                    Fax: 608-204-0422

                    Attorneys for Plaintiffs

f:\docs\wd\26318\39\a3263229.doc

| Case 2018CV003022 | Document 2 | Filed 11-13-2018 | Page 1 of 1 |
|---|---|---|---|

**FILED**
**11-13-2018**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2018CV003022**
**Honorable Josann M. Reynolds**
**Branch 2**

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC. et al vs. BRAD SCHIMEL | | **Electronic Filing Notice** |

Case No. 2018CV003022
Class Code: Declaratory Judgment

BRAD SCHIMEL
17 WEST MAIN STREET
MADISON WI 53703

Case number 2018CV003022 was electronically filed with/converted by the Dane County Clerk of Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $ 20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register as an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 339131**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Receipt of copy of the within acknowleged
this 20 day of December
20 18   Time 8:22am
Attorney General of Wisconsin
By _____

Dane County Circuit Court
Date: November 13, 2018

GF-180(CCAP), 06/2017 Electronic Filing Notice                §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Exhibit A  p. 00017

Substitute service to Ashley Hein
Authorized agent for Attorney General Brad Schimel
December 20, 2018 at 8:22 am
Michael J. Marineau

[signature]