IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREEDOM FROM RELIGION
FOUNDATION, INC., ANNIE LAURIE
GAYLOR, AND DAN BARKER,

      Plaintiffs,

v.                                           Case No. 19-cv-00058-bbc

BRAD SCHIMEL,

      Defendant.

---

## **DEFENDANT'S ANSWER AND DEFENSES**

Defendant Joshua L. Kaul, in his official capacity as Wisconsin Attorney General,[1] by his attorneys, answers Plaintiffs' Complaint (Dkt. 1-1:3–16) as follows:

## **INTRODUCTION**

    1.    Defendant DENIES the allegations in this paragraph.

    2.    Defendant ADMITS that he was acting under color of law, in his official capacity; DENIES the remaining allegations in this paragraph.

    3.    Defendant DENIES the allegations in this paragraph.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Joshua L. Kaul, the current Attorney General of Wisconsin, is automatically substituted for Brad Schimel, the former Attorney General of Wisconsin, sued in his official capacity.

4. Defendant DENIES the allegations in this paragraph.

## PARTIES

5. Defendant DENIES that any DOJ program violates the United States Constitution or the Wisconsin Constitution, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. Defendant DENIES that DOJ's Chaplaincy Program excludes individuals because they are non-believers, and lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

15. Defendant ADMITS that he is the Wisconsin Attorney General and head of the Wisconsin DOJ; ALLEGES that Brad Schimel is the former Wisconsin Attorney General and former head of the Wisconsin DOJ, and that Joshua L. Kaul is the current Wisconsin Attorney General and head of the Wisconsin DOJ.

16. Defendant ADMITS the allegations in this paragraph.

17. Defendant ADMITS the allegations in this paragraph.

18. Defendant ADMITS the allegations in this paragraph.

## JURISDICTION AND VENUE

19. Defendant DENIES the allegations in this paragraph.

20. Defendant DENIES the allegations in this paragraph.

## DOJ ADOPTS RELIGIOUS CHAPLAINCY PROGRAM

Defendant DENIES the allegations in the above heading and ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ

employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

21. Defendant ADMITS the allegations in this paragraph, but ALLEGES that the paid DOJ employee had other job duties besides establishing the DOJ chaplaincy program.

22. Defendant DENIES the allegations in this paragraph.

23. Defendant DENIES the allegations in this paragraph.

24. Defendant DENIES the allegations in this paragraph, and ALLEGES that DOJ's chaplaincy program policy became effective on October 4, 2018.

25. Defendant ADMITS the allegations in this paragraph, and ALLEGES that one DOJ chaplain is from the Madison area.

26. Defendant ADMITS the allegations in this paragraph.

27. Defendant ADMITS the allegations in this paragraph.

28. Defendant DENIES the allegations in this paragraph.

29. Defendant DENIES the allegations in this paragraph; ALLEGES that DOJ chaplains must be ordained or licensed clergy in good standing by a faith group; and FURTHER ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

30. Defendant ADMITS the allegations in this paragraph.

31. Defendant DENIES the allegations in this paragraph.

32. Defendant ADMITS the allegations in this paragraph.

33. Defendant DENIES the allegations in this paragraph.

34. Defendant DENIES the allegations in this paragraph.

35. Defendant lacks knowledge or information sufficient to form a belief as to whether or not DOJ chaplains are licensed or otherwise regulated by the Wisconsin Department of Safety and Professional Services, and whether other mental health professionals must be licensed and regulated in the state; DENIES the remaining allegations in this paragraph; ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them; and FURTHER ALLEGES that DOJ chaplains have training in suicide prevention, death notification protocols, crisis intervention and de-escalation, and other areas related to mental health.

36. Defendant DENIES the allegations in this paragraph.

37. Defendant DENIES the allegations in this paragraph.

38. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

39. Defendant ADMITS that DOJ chaplains that are actively serving in such capacity are issued a DOJ identification card and building access card; DENIES the remaining allegations in this paragraph.

40. Defendant ADMITS that DOJ chaplains are under the general direction of the DOJ chaplain program coordinator and shall report to the chaplain program coordinator; DENIES the remaining allegations in this paragraph.

41. Defendant ADMITS that appointment of any DOJ chaplains shall be made in a written letter from the DOJ chaplain program coordinator to the appointed chaplain; DENIES the remaining allegations in this paragraph.

42. Defendant DENIES the allegations in this paragraph.

43. Defendant ADMITS the allegations in this paragraph.

44. Defendant ADMITS the allegations in this paragraph.

45. Defendant DENIES the allegations in this paragraph.

46. Defendant ADMITS the DOJ chaplaincy program coordinator is not required to have a professional licensure, and DENIES the remaining allegations in this paragraph.

47. Defendant DENIES the allegations in this paragraph; ALLEGES that DOJ chaplains have training in death notification protocols, crisis intervention and de-escalation, and other ongoing training, and that DOJ

6

chaplains will seek to obtain Wisconsin Credentialing and Asset Management System credentialing within 12 months of appointment.

48. Defendant DENIES the allegations in this paragraph; ALLEGES that some of the duties of a DOJ chaplain include providing confidential consultation and spiritual guidance to employees when requested by them.

49. Defendant ADMITS the allegations in this paragraph.

50. Defendant ADMITS the allegations in this paragraph.

51. Defendant ADMITS the allegations in this paragraph.

## DOJ CHAPLAINCY PROGRAM LIMITED TO RELIGIOUS CLERGY

Defendant DENIES the allegations in the above heading and ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

52. Defendant DENIES the allegations in this paragraph.

53. Defendant ADMITS the allegations in this paragraph.

54. Defendant DENIES the allegations in this paragraph; ALLEGES that DOJ chaplains must be ordained or licensed clergy in good standing by a faith group; and FURTHER ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out

the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

56. Defendant DENIES the allegations in this paragraph; ALLEGES that while DOJ chaplains must be ordained or licensed clergy in good standing by a faith group, DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

57. Defendant DENIES the allegations in this paragraph.

58. Defendant lacks knowledge or information sufficient to form a belief as to whether one or more members of FFRF are excluded from the DOJ chaplaincy program; DENIES the remaining allegations in this paragraph; and ALLEGES that DOJ chaplains shall not use the chaplaincy to proselytize to DOJ employees who have not otherwise sought out the services of the chaplain, and that spiritual guidance is only provided to employees when requested by them.

59. Defendant DENIES that the DOJ chaplaincy program is premised on the conceit that only religious counseling is provided; lacks knowledge or

information sufficient to form a belief as to the remaining allegations in this paragraph.

60. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

61. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

62. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

63. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

64. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

65. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

66. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

67. Defendant DENIES the allegations in this paragraph.

68. Defendant DENIES the allegations in this paragraph.

## DOJ CHAPLAINS ARE NOT NECESSARY FOR FREE EXERCISE RIGHTS

Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the above heading.

69. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

70. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

71. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

72. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

## CHAPLAINCY PROGRAM QUESTIONED AT DNR

Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the above heading.

73. Defendants ADMITS that Mark Clements is a chaplain in the DOJ chaplaincy program, and DENIES the remaining allegations in this paragraph.

74. Defendant DENIES the allegations in this paragraph.

75. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

76. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

77. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

78. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

79. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

80. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

81. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

82. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

83. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

84. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

85. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

86. Defendant ADMITS that DOJ has an employee assistance program; lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

## **DOJ'S CHAPLAINCY PROGRAM IS UNCONSTITUTIONAL**

Defendant DENIES the allegations in the above heading.

87. Defendant DENIES the allegations in this paragraph.

88. Defendant ADMITS the allegations in this paragraph.

89. Defendant DENIES the allegations in this paragraph.

90. Defendant ADMITS that DOJ chaplains must be ordained or licensed clergy in good standing by a faith group; DENIES the remaining allegations in this paragraph.

91. Defendant DENIES the allegations in this paragraph.

92. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

93. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

94. Defendant DENIES the allegations in this paragraph.

95. Defendant DENIES that the DOJ chaplaincy program favors the needs of religious DOJ employees, and DENIES the remaining allegations in this paragraph.

96. Defendant DENIES that the DOJ chaplaincy program provides faith-based counseling to employees who are not inhibited by their employment, and DENIES the remaining allegations in this paragraph.

97. Defendant DENIES the allegations in this paragraph.

98. Defendant DENIES that the DOJ chaplaincy program is without any limits on chaplains, and DENIES the remaining allegations in this paragraph.

99. Defendant DENIES the allegations in this paragraph.

100. Defendant DENIES the allegations in this paragraph.

## **CONCLUSION**

101. Defendant DENIES the allegations in this paragraph.

102. Defendant DENIES the allegations in this paragraph.

103. Defendant DENIES the allegations in this paragraph.

104. Defendant DENIES the allegations in this paragraph.

105. Defendant ADMITS the allegations in this paragraph.

106. Defendant ADMITS the allegations in this paragraph.

107. Defendant ADMITS that he acts under color of law, and DENIES the remaining allegations in this paragraph.

108. Defendant DENIES the allegations in this paragraph.

109. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

## REQUEST FOR RELIEF

A.–E. Defendant DENIES that Plaintiffs are entitled to the relief requested in these paragraphs.

## FURTHER RESPONSE

Defendant DENIES any factual allegations in the complaint not expressly admitted herein.

## DEFENSES

1. One or more of the plaintiffs lack standing.

2. The state law claims are subject to dismissal under the Eleventh Amendment and the holding of *Pennhurst State Sch. v. Halderman*, 465 U.S. 89 (1984).

3. Defendant reserves the right to name additional defenses as they may become known through further discovery or otherwise in this action.

WHEREFORE, Defendant demands judgment in his favor and against Plaintiffs, dismissing Plaintiffs' complaint, and an order awarding Defendant attorney fees, as well as such other and further relief as the Court deems appropriate under the circumstances.

*[signature page follows]*

Dated this 25th day of March, 2019.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        <u>s/ Steven C. Kilpatrick</u>
        STEVEN C. KILPATRICK
        Assistant Attorney General
        State Bar #1025452

        JODY J. SCHMELZER
        Assistant Attorney General
        State Bar #1027796

        Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1792 (AAG Kilpatrick)
(608) 266-3094 (AAG Schmelzer)
(608) 267-2223 (Fax)
kilpatricksc@doj.state.wi.us
schmelzerjj@doj.state.wi.us