# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION
FOUNDATION, INC., ANNIE LAURIE
GAYLOR, AND DAN BARKER,

        Plaintiffs,

v.                                              Case No. 19-cv-00058-bbc

JOSHUA KAUL,

        Defendant.

## JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), and in anticipation of the April 24, 2019, 2:00 p.m. Rule 16 scheduling conference, the Plaintiffs, by their counsel, Richard L. Bolton, and the Defendant, by his counsel, Steven C. Kilpatrick and Jody C. Schmelzer, met and conferred by telephone on the topics outlined in this discovery plan:

    **1.**    **Nature of Claims and Defenses.**

Plaintiffs contend that the Department of Justice employee chaplaincy program violates the Establishment Clause of the U.S. Constitution. Defendant denies all claims of unconstitutionality.

    **2.**    **Changes to Timing, Form or Requirement for Disclosures under Rule 26(a).**

The parties propose that no changes be made in the form or requirement for disclosures under Rule 26(a). The parties will exchange their disclosures under Rule 26(a)(1) no later than May 24, 2019.

**3.      Subjects on Which Discovery May be Needed, When Discovery Should be Completed, and Whether Discovery Will be Conducted in Phases or Limited to or Focused on Specific Issues.**

The parties represent discovery many be needed on the following subjects, among other that may become apparent during litigation:

      a.      Department of Justice chaplaincy program creation history.

      b.      Department of Justice chaplaincy program operation.

The parties propose the following schedule:

| EVENT | DATES |
| --- | --- |
| Rule 26(a)(1) initial disclosures | May 24, 2019 |
| Deadline for amendments to pleading | May 24, 2019 |
| Deadline to designate expert witnesses and provide disclosures | September 15, 2019 |
| Deadline to designate rebuttal expert witnesses | October 31, 2019 |
| Discovery Cutoff (written discovery to be issued so that a response is due on or before this date) | March 1, 2020 |
| Dispositive Motion Deadline (motions must be filed by this date) | November 1, 2019 |
| Deadline to mediate, if the parties agree to mediate this case | N/A |
| Trial (expected duration: 2 days) | April 1, 2020 |

**4.      Any Issues about Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

The parties agree that electronic discovery shall be produced as a Tiff or PDF at the discretion of the producing party. If one party requests production of ESI in its native-file format, and if such request is reasonable and necessary, the parties agree to coordinate and work with one another to produce such information in the most useable and cost-effective manner.

**5.      Any Issues About Claims of Privilege or Protection as Trial Preparation Materials, Including if the Parties Agree on a Procedure to Assert These Claims After Production.**

The parties agree that the following procedures shall govern privileged materials. If information protected from disclosure by the attorney-client privilege or work product doctrine is disclosed without intent to waive the privilege or protection, within fourteen days after discovery of the inadvertent production, the producing party may amend its discovery response and notify the other party that such information was inadvertently produced and should have been withheld. Once the producing party provides such notice, the recipient must promptly return the specified information without retaining any copies. The recipient cannot assert that the production waived the privilege protection; however, the recipient does not waive the right to challenge the assertion of the privilege and seek a court order denying such privilege.

**6.      What Changes Should be Made in the Limitations on Discovery Imposed Under the Federal or Local Rules, and What Other Limitations Should be Imposed.**

None at this time.

**7.      Other Orders of the Court Under Rule 26(c), Rule 16(b) or Rule 16(c).**

The parties do not anticipate requiring any other order under Federal Rule of Civil Procedure 26 or 16.  If either party seeks disclosure of confidential information during the course of discovery, the disclosing party may seek a protective order from the Court.

**8.      Contemplated Motions.**

The parties contemplate dispositive motions will be filed.

**9.      Settlement Discussions.**

At this time, the parties have discussed the possibility of settlement and will likely continue those discussions.

10.     **Basis for Subject Matter Jurisdiction**

This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Dated this 17th day of April, 2019.

BOARDMAN & CLARK LLP

*/s/ Richard L. Bolton*
Richard L. Bolton
Wisconsin State Bar No. 1012552
Email:  rbolton@boardmanclark.com
1 South Pinckney Street, Suite 410
Madison, WI  53701-0927
Phone:  608-257-9521
Fax:  608-283-1709

Andrew Seidel
Wisconsin State Bar No. 1089025
Email:  aseidel@ffrf.org
Ryan Jayne
Wisconsin State Bar No. 1101529
Email:  ryan@ffrf.org
FREEDOM FROM RELIGION
FOUNDATION, INC.
P. O. Box 750
Madison, Wisconsin  53701
Phone:  608-256-8900
Fax:  608-204-0422

Attorneys for Plaintiffs


JOSHUA L. KAUL
Attorney General of Wisconsin

*s/ Steven C. Kilpatrick*
STEVEN C. KILPATRICK
Assistant Attorney General
State Bar #1025452
JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796
Attorneys for Defendant

## **CERTIFICATE OF SERVICES**

I hereby certify that on April 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

>  */s/ Richard L. Bolton*
>  Richard L. Bolton, Attorney for Plaintiffs

f:\docs\wd\26318\39\a3416732.doc